UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

LISA STRAX, Individually and On Behalf
Of All Others Similarly Situated,

                              CIVIL ACTION NO.:

                Plaintiff,

      -against-

USAA CASUALTY INSURANCE COMPANY,

                Defendant.
_____

## CLASS ACTION COMPLAINT

LISA STRAX, by and through her attorneys, BLAU LEONARD LAW GROUP, LLC, as and for her Complaint, alleges based on personal knowledge as to herself and her own acts and as to other matters, upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action in her individual capacity for breach of contract and implied covenants of good faith and fair dealing and bad faith. She seeks compensatory and consequential damages, pre-judgment interest, the costs of this action and reasonable attorney's fees.

2. Plaintiff also brings this action individually and in her representative capacity on behalf of all others similarly situated, who sustained economic loss and pecuniary injury proximately resulting from USAA's unfair and deceptive 1st party auto insurance claim settlement practices, in violation of §349 of the New York

General Business Law.  On behalf of the Class, Plaintiff seeks to recover actual damages, pre-judgment interest, the costs of this action and reasonable attorney's fees.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship, with the Plaintiff being a citizen of New York and USAA being a corporation created under and by virtue of the laws of the State of Texas.  The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), because USAA is located within this District and subject to personal jurisdiction within this District.

## THE PARTIES

5. At all relevant times Plaintiff, LISA STRAX, was a resident of Queens, New York.

6. At all relevant times USAA is a foreign corporation created and existing under and by virtue of the laws of the State of Texas, with principal offices and headquarters located in San Antonio, Texas.

7. At all relevant times, USAA is licensed to sell automobile liability insurance in the State of New York and regularly transacts business in this state.

## STATEMENT OF MATERIAL FACTS

8. The United Services Automobile Association is a Texas-based Fortune 500 diversified financial services group of companies including a Texas Department of Insurance regulated reciprocal inter-insurance exchange and subsidiaries offering banking, investing, and insurance. At the end of 2013, there were 10.1 million members.

9. USAA CASUALTY INSURANCE COMPANY, ("USAA") is a wholly owned subsidiary of The United Services Automobile Association, and is licensed to sell insurance in all states, including New York.

10. Prior to September 2011, Plaintiff purchased an automobile liability insurance policy No. 012852471C71017 (the "Policy") from USAA in New York, which in pertinent part, provided underinsured motorist insurance to Plaintiff.

11. Underinsured motorist bodily injury insurance covers the insured for bodily/personal injuries, damages, or death caused by an at-fault driver with insufficient insurance (is underinsured). Underinsurance pays the difference between what's covered by the other driver's insurance coverages, which can't meet the amount of your damages, and the bodily injury limits listed on the insured's policy.

12. On September 26, 2011 Plaintiff was involved in a vehicular accident in which the auto she was operating was violently struck in the rear by the WHYTE vehicle. As a result of the rear impact collision, of which Plaintiff was free of any

negligence or fault contributing thereto, Plaintiff sustained severe and permanent injuries.

13.     In or about December 2011, Plaintiff settled her bodily claims with WHYTE's carrier, Nationwide Insurance Company of America, for $25,000.00, which represented the full policy limits of $25,000 per person/$50,000 per occurrence.

14.     By sworn affidavit, WHYTE certified that he did not have an umbrella policy or any excess insurance policy in effect or applicable to the vehicular accident of September 26, 2011.

15.     On or about February 28, 2012, Plaintiff demanded an underinsured (UIM) policy limit payment from USAA.

16.     More than two (2) years and two (2) months have elapsed and USAA has failed and refused to make any payment to Plaintiff, as was required under the UIM Insurance Policy.

17.     USAA's refusal to make payment to Plaintiff was made without a reasonable basis in fact or law.

18.     USAA's refusal to make adequate payment to Plaintiff was made in bad faith and for the purpose of denying the benefits of contract for underinsured motorist coverage to Plaintiff.

19.     USAA's refusal to make adequate payment to Plaintiff was an unlawful attempt to force Plaintiff to accept less money than the amount due under the Policy.

20. USAA possessed the duty to honor the UIM insurance contract for the entire policy duration.

21. USAA possessed the duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiff against the third party driver.

22. USAA possessed the duty to evaluate the Plaintiff's claims fairly.

23. USAA possessed the duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonable clear.

24. USAA possessed the duty to act promptly and reasonably in settling the claim.

25. USAA possessed the duty not to put its insureds through unnecessary litigation.

26. USAA possessed the duty to not to put its insureds' assets at risk.

27. USAA possessed the duty to refrain from actions that would injure the Plaintiff's insured ability to obtain the benefits of the insurance contract.

28. USAA possessed the duty of good faith and fair dealing.

29. As a proximate result of USAA's foregoing wrongful acts and conduct, Plaintiff has sustained economic and non-economic injury, damages and loss.

## CLASS ALLEGATIONS

30. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

31. Plaintiff brings this action in her representative capacity on behalf of all similarly situated Class members, who were affected by the actions, policies and business practices of USAA, as described herein.

32. In addition, and in the alternative, Plaintiffs brings this action in her individual capacity, separate and apart from the Class claims set forth herein.

33. Class certification is appropriate under Rule 23 because all of the requirements thereof are satisfied.

34. The Class is defined as follows:

All consumers, within the statutory period, who made underinsured (UIM) policy claims against USAA, under issued New York auto liability insurance policies and were not paid any benefit by USAA within 60 days of the making of such claim.

*Excluded from the Class are officers directors and members of USAA; members of the immediate families of the officers, directors and members of USAA and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.*

35. Plaintiff is a member of the Class she seeks to represent.

36. This action has been brought and may properly be maintained as a class action against USAA pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

37. Numerosity is satisfied. Plaintiff does not know the exact size of the Class, but, it is estimated that the Class is composed of at least one thousand persons and

entities. While the exact number and identities of Class members are unknown at this time, this information can be readily ascertained through appropriate discovery of the records maintained by USAA.

38. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

39. Common questions of law and fact exist as to all members of the Class, and those common issues predominate over any issues that may affect only individual class members.

40. Among the questions of law and fact common to the Classes are:

(a) Whether USAA's insurance claim settlement practices, as alleged in the Complaint, constituted deceptive business practices that violated §349 of the New York General Business Law.

(b) Whether Plaintiff and members of the Class have sustained actual injury as a result of USAA's violation of §349 of the New York General Business Law.

41. Plaintiffs' claims are typical of those of the Class members. Plaintiff's' claims encompass the challenged practices and course of conduct of USAA. Furthermore, Plaintiff's' legal claims are based on the same legal theories as the claims of the putative Class members. The legal issues as to which New York State laws were violated by such conduct apply equally to Plaintiffs and to the Class

42. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent.She has retained

counsel competent and highly experienced in complex class action litigation; and she intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

43. A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by USAA'S conduct. USAA has acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and other equitable relief in favor of Plaintiff and the Class.

44. The prosecution of separate actions by individual Class members presents a potential for inconsistent and contradictory judgments that may establish incompatible standards of conduct for USAA. Individualized litigation increases the delay and expense to all parties and to the court system, as a result of the complex legal and factual issues of the case.

45. The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

46. Difficulties, if any, that may exist in the management of this class action will be greatly outweighed by the salutary benefits of the class action procedure, including but not limited to providing Class members with a method for redress of claims that may not otherwise warrant individual litigation.

## FIRST CAUSE OF ACTION
### (Plaintiff Individually-Breach of Contract))

47. Plaintiff reiterates, realleges and incorporates each and every allegation of the Complaint previously set forth.

48. USAA issued automobile liability insurance policy No. 012852471C71017 k, which in pertinent part, provided underinsured motorist coverage to Plaintiff.

49. USAA issued this insurance policy for valuable consideration in the form of policy premiums, which have been paid by Plaintiff.

50. Plaintiff has complied with all terms, conditions and prerequisites to coverage set forth in the insurance agreement and remains ready to perform all of her obligations under the agreement.

51. At all relevant times, there has been a valid and existing insurance agreement between Plaintiff and USAA.

52. In or about February 2012, Plaintiff duly notified USAA of her UIM claim pursuant to the terms of the insurance agreement.

53. The losses suffered by Plaintiff clearly fall within the ambit of the UIM coverage provided in the subject policy of insurance.

54. USAA breached the insurance agreement by failing and refusing to pay Plaintiff for her damages under the UIM coverage.

55. As a result of USAA'S breach of the insurance agreement, Plaintiff has sustained economic injury and pecuniary loss.

56. Plaintiff has sustained damages in excess of the UIM policy limits, as a result of USAA'S breach of the insurance agreement.

57. Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Plaintiff Individually- Bad Faith Claims)

58. Plaintiff reiterates, realleges and incorporates each and every allegation of the Complaint previously set forth.

59. There is implied in every contract a covenant of good faith and fair dealing.

60. USAA breached its common law duty of good faith and fair dealing in connection with its contract of automobile liability insurance with Plaintiff.

61. USAA breached its duty owed to Plaintiff to act in good faith and to deal fairly in the payment of UIM benefits pursuant to the terms and conditions of the subject contract of insurance.

62. There was an absence of a reasonable basis for USAA'S denial of benefits to Plaintiff under the subject contract of insurance.

63. USAA undertook a conscious campaign calculated to delay and avoid payment on UIM claims, while having determined at the outset that it would deny coverage or offer a "lowball" settlement.

64. USAA engaged in a systematic and ongoing pattern of avoiding UIM claims by making multiple and serial requests for documents, authorizations, medical records and additional information, upon receipt of which the Plaintiff's claims file would be transferred to a new examiner, who in turn would make more requests.

65. USAA waited approximately 2 years to request or schedule an independent medical examination of the Plaintiff.

66. USAA exhibited a reckless disregard and indifference to facts or proofs submitted by Plaintiff in support of her claim for UIM payment of benefits under the subject contract of insurance.

67. USAA was guilty of bad faith in refusing to pay Plaintiff's UIM claim without a reasonable basis.

68. USAA was guilty of bad faith in failing to pay Plaintiff's UIM claim, with knowledge of the lack of a reasonable basis for withholding such payment.

69. USAA was guilty of bad faith in not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim in which liability was reasonably clear.

70. USAA was guilty of bad faith in failing to properly investigate and process the claim in a timely manner.

71. USAA was guilty of bad faith by engaging in deceptive practices and making deliberate misrepresentations to avoid paying the claim.

72. USAA was guilty of bad faith in making arbitrary and unreasonable demands for proof of damages.

73. USAA was guilty of bad faith in violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims.

74. USAA was guilty of bad faith in compelling Plaintiff to hire attorneys and institute litigation to recover amounts due under UIM.

75. As a result of USAA'S breach of its duty owed to Plaintiff to act in good faith and to deal fairly in the payment of UIM benefits, Plaintiff has sustained economic injury and pecuniary loss.

76. As a result of USAA'S breach of its duty owed to Plaintiff to act in good faith and to deal fairly in the payment of UIM benefits, Plaintiff has sustained foreseeable damages beyond the policy limits.

77. USAA is liable to Plaintiff for consequential damages, including emotional distress, proximately resulting from its breach of its duties as alleged herein.

78. Plaintiff has sustained damages in excess of the UIM policy limits, as a result of USAA'S breach of its duty owed to Plaintiff to act in good faith and to deal fairly in the payment of UIM benefits.

79. Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

## THIRD CAUSE OF ACTION
### (Class Claims Under New York General Business Law §349)

80. Plaintiff reiterates, realleges and incorporates each and every allegation of the Complaint previously set forth.

81. USSA'S breach of its duty to act in good faith and to deal fairly in the payment of UIM benefits has had a broad impact on Plaintiff, members of the Class and consumers at large.

82. The New York Legislature has determined and declared in § 401 of the Insurance Law that the business of insurance directly and indirectly affects all sectors of the public, business and government and involves many transactions which have the potential for abuse and illegal activities.

83. USAA"s conscious campaign calculated to delay and avoid payment on UIM claims, while having determined at the outset that it would deny coverage or offer a "lowball" settlement, was likely to mislead a reasonable consumer acting reasonably under the circumstances.

84. USAA'S practice of inordinately delaying and then denying a claim without reference to its viability goes beyond a private contract dispute as to policy coverage, and affects the public interest.

85. USSA'S claim settlement practices constitutes a deceptive or misleading practice.

86. USAA exclusively possessed the information related to its claim settlement practices, which information a reasonable consumer would want to know, but could not discover until after the purchase of a policy of insurance from USAA and a claim made thereunder. USAA'S failure to disclose constitutes a material deception and fraudulent practice in violation of New York General Business Law, §349.

87. USAA'S' material deceptions by omission were likely to mislead Plaintiff and members of the Class as reasonable consumers acting reasonably in the circumstances.

88.     By reason of USAA'S deceptive and fraudulent business practices, Plaintiff and members of the Class paid more for the UIM coverage than it was worth.

89.     Neither the Plaintiff nor class members would have purchased auto liability policies containing UIM coverage from USAA, if they had known of USAA'S deceptive business practices alleged herein.

90.     By reason of all of the foregoing, USAA is liable to Plaintiff and members of the class for violations of New York General Business Law, §349.

91.     Plaintiff and members of the Class have suffered actual injury, and consequential damages because the UIM coverage and benefits actually received, from USAA failed to measure up to reasonable expectations associated with the product, which Plaintiff and members of the Class were led to believe they had purchased.

92.     Plaintiff and members of the Class have been injured by reason of the USSA's violation of this statute and may bring an action to enjoin such unlawful acts.

93.     By reason of USAA'S violation of this statute, Plaintiff and members of the Class are entitled to recover actual damages. Punitive damages are waived.

94.     By reason of USAA'S' violation of this statute, Plaintiff and members of the Class are entitled to an award of reasonable attorney's fees to be paid by USAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, in her individual capacity and on behalf of the members of the Class, prays that the Court enter judgment against USAA, as follows:

(a)     Granting Class Certification pursuant to Rule 23 (a) and (b) (3);

(b)     Certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys, as counsel for the Class;

(c)     Preliminarily and permanently prohibiting, restraining and enjoining the USAA from engaging in the deceptive business practices and wrongful acts alleged herein;

(d)     Awarding Plaintiff compensatory damages in an amount in excess of the UIM policy limits;

(e)     Awarding Plaintiff consequential damages in an amount in excess of the UIM policy limits;

(f)     Awarding Plaintiff reasonable attorney's fees and costs of suit;

(g)     Awarding Plaintiff interest at the statutory rate;

(h)     Awarding Plaintiff and the members of the class all available actual and statutory damages provided by New York General Business Law §349;

(i)     Awarding Plaintiff and members of the class their costs and disbursements, including reasonable attorney's fees and other reasonable costs;

(j)     Awarding Plaintiff and members of the class pre-judgment interest on any amounts awarded; and

(k)     For such other and further relief as the Court may deem just and proper.

Dated: April 23, 2015

Respectfully Submitted,

/s Steven Bennett Blau
Steven Bennett Blau
Shelly A. Leonard
BLAU LEONARD LAW GROUP, LLC
23 Green Street, Suite 303
Huntington, NY 11743
631-458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiff*